## UNION BANK OF LOUISIANA *v.* IRA BOWMAN.

Where a suit has been brought by a bank to recover the price of property sold, and during the pendency of the action, a third party is subrogated to the rights of the bank, such third party will be competent to stand in judgment as intervenor, although the deed of sale under which he claims, was not accepted by him until after the expiration of the bank's charter—provided, the legality and sincerity of the transaction is not otherwise questioned.

APPEAL from the District Court of the Parish of Tensas, *Farrar*, J. *R. J. Bowman*, for defendant and appellant. *T. P. Farrar* and *A. Snyder*, for intervenor.

VOORHIES, J. This suit was brought against the defendant to enforce a claim for which he is liable individually, and as third possessor of mortgage property.

The defendant pleads a failure of consideration, averring that the land sold to him is deficient in quantity, and that a large portion of it is in the adverse possession of other parties.

The case having been decided in the District Court, the judgment was, on appeal, affirmed, so far as regards the hypothecary action, but reversed and remanded for a new trial, so far as concerned the defendant personally. *9 An. 195.*

The case was again considered in the court below; but, in the meantime, *Alfred Penn* intervened in the suit, claiming, by virtue of a subrogation from the bank. The former's capacity to stand in judgment is questioned, on the ground that he has not accepted the deed of sale from the latter, before the expiration of the charter. Had this been a donation, there might be some plausibility in the arguments presented by the defendant on this branch of the case. But the intervenor has a deed of sale, in which it is stated that he has paid the stipulated price, previously to the execution of the deed; nor is the legality and sincerity of this transaction otherwise questioned. The intervention was, consequently, well founded.

The defendant is entitled to relief, on account of the deficiency of one hundred and twenty-two 44-100 acres, which are in the adverse possession of one *William Lizenby*, and have never been delivered to the former by his vendor. But the evidence does not enable us to ascertain the value of this portion of the land, relatively to the stipulated price of the sale. The defendant purchased, for the sum of $5,284, the tract of land in question, together with forty-eight shares of stock in the Union Bank. He furnished his notes for $3,000, and assumed to pay his vendor's debt to the bank, for the sum of $2,284. What has become of the above notes, the record does not disclose. And, with regard to the stock, it appears that the account continued to be kept in the name of *John Gazle*, the defendant's vendor. In this respect, the evidence is not sufficiently explicit.

The defendant avers, in his answer, that he has been compelled, in order to obtain possession of his vendor's land, to purchase the outstanding title of one *Bowles;* but there is nothing to prove that *Bowles* had such a title, or that his title, if any he had, was superior to that of *John Gazle.*

It is, therefore, ordered and decreed, that the judgment of the District Court, be avoided and reversed; the appellant paying the costs of the District Court, and the appellee and intervenor, the costs of appeal.

It is further decreed, that the land in question be seized and sold for cash, to pay to the intervenor the sum of two thousand and forty dollars, with interest at the rate of ten per cent. per annum, from the first day of April, A. D. 1836, and two dollars costs of protest, subject to the following credits, viz: one hundred and twenty dollars paid on the 1st day of April, 1836; one hundred and twenty dollars paid on the 27th of May, 1836; seven hundred and twenty dollars paid on the 24th of May, 1852; and four hundred and eighty dollars paid on the 1st of January, 1853; together with all the costs of the court below— the said sum, when realized, to be paid to *Alfred Penn*, intervenor in this case, in due course of administration of the estate of *Ira Bowman*, deceased, the original defendant.

It is further ordered and decreed, that *Alfred Penn*, do have judgment for the aforesaid amount against the defendant individually, the said amount to be paid in due course of administration of the estate of *Ira Bowman*, deceased, subject however, to the right of the administrator, to a *pro rata* deduction of an amount

equal to the relative value of the one hundred and twenty-two 44-100˙ acres, which were not delivered to the defendant.

And it is further ordered, that this case be remanded, for the purpose of fixing said relative value, so as to discharge for that amount, and proportionally, the personal indebtedness of the defendant, *Ira Bowman*, deceased, to the plaintiff and intervenor ; but that, in other respects, this judgment to be final and executory—the said *pro rata* deduction not to affect the proceeds of the sale of the property, as above ordered.

MERRICK, C. J., having been of counsel in this case, recuses himself.